UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSÉ BARRERA ) | Case Number |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ASSET MANAGEMENT ) | JURY TRIAL DEMANDED |
| OUTSOURCING, INC. ) | |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, José Barrera, by and through his undersigned counsel, Peter Wizenberg, Esquire, complaining of Defendant, and respectfully avers as follows:

## I.  INTRODUCTORY STATEMENT

1.  Plaintiff, José Barrera, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.  Venue in this District is proper in that the Plaintiff resides in the District and the Defendant transacts business in this District.

### III.  PARTIES

4. Plaintiff, José Barrera, is an adult natural person residing at 9960 SW 37th Terrace, Miami, Florida 33165.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Asset Management Outsourcing, Inc. ("Defendant"), at all times relevant hereto, is a corporation incorporated under the laws of Georgia, maintains a registered office to do business in both Florida and the State of Washington, and was a corporation engaged in the business of collecting debt within the State of Florida and the State of Washington, with a principal place of business located at 3120 McDougall Avenue, Ste 100, Everett, WA 98201.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. On or around May 4, 2010, Plaintiff started receiving calls from Defendant in regards to a debt allegedly owed on a Target account.

8. Plaintiff was told that he owed a balance of approximately $400.00.

9. At that time, Plaintiff informed the Defendant that he had retained the services of the law firm of Persels & Associates, LLC to help aid him in his debt settlement and that they should call and speak with them directly on this matter.

10. Defendant stated that they would not work with Persels and that Plaintiff had to settle this account with them himself.

11. On or about that same day, May 4, 2010, Persels sent a "cease and desist" letter to the Defendant informing them in writing that they represented the Plaintiff in his debt settlement and that all further contact should go directly through their firm. **See Exhibit "A" (letter) attached hereto**.

12. Plaintiff continued to receive calls throughout the month of May, 2010.

13. Plaintiff estimates that a total of forty-one (41) calls were received from the Defendant in the month of May demanding payment on this account. Call dates and time are as follows:

   a) May 8, 2010 - 2 calls – 9:44 am and 10:55 am

   b) May 10, 2010 – 2 calls – 4:25 pm and 7:40 pm

   c) May 11, 2010 – 2 calls – 5:12 pm and 8:37 pm

   d) May 12, 2010 – 2 calls – 10:36 am and 5:24 pm

   e) May 13, 2010 – 1 call – 5:04 pm

   f) May 15, 2010 – 1 call – 7:56 pm

   g) May 18, 2010 – 2 calls – 12:57 pm and 3:15 pm

   h) May 19, 2010 – 2 calls – 2:59 pm and 5:42 pm

   i) May 20, 2010 – 4 calls – 10:54 am, 2:02 pm, 4:06 pm and 4:57 pm

   j) May 21, 2010 – 4 calls – 10:27 am, 12:33 pm, 4:34 pm and 5:46 pm

   k) May 24, 2010 – 3 calls – 12:15 pm, 4:42 pm and 7:41 pm

      l)      May 25, 2010 – 3 calls – 12:58 pm, 6:23 pm and 7:48 pm

      m)      May 26, 2010 – 3 calls – 10:16 am, 11:27 am and 5:20pm

      n)      May 27, 2010 – 4 calls – 10:34 am, 12:59 pm, 4:39 pm and 6:43 pm

      o)      May 28, 2010 – 4 calls – 10:28 am, 11:36 am, 1:05 pm and 2:31 pm

14.    Defendant was asked to contact Persels during the calls that the Plaintiff answered but continued to refuse to work with them.

15.    Plaintiff received twenty-seven (27) calls throughout the month of June, 2010, call dates and times are as follows:

      a)      June 1, 2010 – 3 calls – 1:46 pm, 5:33 pm and 6:46 pm

      b)      June 2, 2010 – 3 calls – 10:21 am, 3:52 pm and 6:46 pm

      c)      June 3, 2010 – 5 calls – 10:27 am, 11:42 am, 12:58 pm, 3:54 pm and 5:56 pm

      d)      June 4, 2010 – 5 calls – 10:19 am, 12:55 pm, 3:44 pm, 5:22 and 6:46 pm

      e)      June 5, 2010 – 1 call – 10:05 am

      f)      June 7, 2010 – 3 calls – 12:24 pm, 2:35 pm and 8:42 pm

      g)      June 8, 2010 – 2 calls – 12:29 and 3:21 pm

      h)      June 9, 2010 – 3 calls – 10:25 am, 1:02 pm and 6:19 pm

        i)      June 10, 2010 – 2 calls – 10:36 am and 11:34 am

16. Plaintiff believes that he received at least ninety (90) calls from the Defendant on this matter after the "cease and desist" was sent out and the Defendant was made aware that he was being represented by an attorney.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Asset Management Outsourcing, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

Date: October 26, 2010         BY: *[signature]*
Peter Wizenberg, Esquire
Florida Bar Number: 34500
1580 Sawgrass Corporate Parkway
Suite 130
Sunrise, FL 33323
Phone: 786-260-7075
Fax: 954-756-8092
Eamil: peter@wizenberglaw.com
Attorney for Plaintiff